Case 1:25-cv-00272   Document 2   Filed 11/17/25 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
November 17, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LANGMING (FANGMING) LIU, | § § | |
| Petitioner, | § § | |
| VS. | § § | CIVIL ACTION NO. 1:25-CV-272 |
| PAMELA BONDI, *et al.*,[1] | § § | |
| Respondents. | § § | |

# **ORDER**

The Court has reviewed Petitioner Langming (Fangming) Liu's Petitioner for Writ of Habeas Corpus (Doc. 1), in which he requests his immediate release and an order precluding his removal to a country other than China.

"Injunctive relief is an extraordinary and drastic remedy, and should only be granted when the movant has clearly carried the burden of persuasion." *Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009) (cleaned up). To be entitled to a temporary restraining order, "the movant must satisfy each of the following equitable factors: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) the threatened injury to the movant outweighs the threatened harm to the party sought to be enjoined; and (4) granting the injunctive relief will not disserve the public interest." *City of Dallas v. Delta Air Lines, Inc.*, 847 F.3d 279, 285 (5th Cir. 2017) (concerning a preliminary injunction); *see also Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987) (noting that the party seeking injunctive relief must meet all four factors "before a temporary restraining order or preliminary injunction can be granted").

---

[1] Liu named Merrick Garland and Alejando Mayorkas as Defendants, in their official capacities as Attorney General and Secretary of the Department of Homeland Security, respectively. Pamela Bondi and Kristi Noem are substituted as the proper defendants, pursuant to Federal Rule of Civil Procedure 25(d). The Clerk of Court shall update the case caption to reflect this change.

Liu requests that the Court order his immediate release on the grounds that his continued detention is unreasonable under the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001).  In that case, the Supreme Court established that it is "presumptively reasonable" for the United States to detain an alien for six months after a final order of removal has been issued.  *Zadvydas*, 533 U.S. at 701.  In the present case, Liu's alleges that an Immigration Judge ordered that he be removed from the United States, but granted him withholding of removal to China, based on a fear of religious persecution. (Pet., Doc. 1, 9)  The Immigration Judge's order became final in September or October 2025. (*Id.* at 10)  As a result, only one or two months have elapsed since the order of removal became final.  Liu alleges that the "removal order became final more than 10 months ago" (*Id.* at 4), but his specific factual allegations undercut this assertion.  As a result, his request based on *Zadvydas* is premature and cannot form the basis for a temporary restraining order.

Liu also requests that the Court preclude his removal to a third country.  But he only generally alleges his belief that Respondents intend to remove him to a third country, and includes no allegation indicating that Respondents intend to remove him in the near future.  In fact, he alleges that "[n]o removable timetable" and "[n]o prospect of effecting removal" exists. (*Id.* at 4)  Absent such allegations, the Court cannot conclude that Petitioner has demonstrated a substantial likelihood of success on the merits or that a substantial threat of irreparable injury can be avoided solely through the issuance of an ex parte temporary restraining order.

For these reasons, it is:

**ORDERED** that Petitioner Langming (Fangming) Liu's verified request for a temporary restraining order is **DENIED**.

It is also **ORDERED** that the Court will hold a Status Conference in this matter by videoconference on December 3, 2025, at 1:30 p.m.

Signed on November 17, 2025.

_____
Fernando Rodriguez, Jr.
United States District Judge